IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:23-CR-316-O |
| BERNARD BROOKS (01) | |

### PLEA AGREEMENT WITH WAIVER OF APPEAL

Bernard Brooks ("Defendant"); Vincent Wisely, Defendant's attorney; and the United States of America (the government) agree as follows:

1. **Rights of Defendant**: Defendant understands that Defendant has the rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have Defendant's guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in Defendant's defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Defendant waives these rights and pleads guilty to the offense alleged in Count One of the information, which charges a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), that is, possession of a controlled substance with intent to distribute. Defendant understands the nature and elements of the crime to which Defendant is pleading guilty, and agrees that the factual resume Defendant has signed is true and will be submitted as evidence.

Plea Agreement—Page 1



3. **Sentence**: The maximum penalties the Court can impose include:

   a. imprisonment for a period not more than 20 years;

   b. a fine not to exceed $1,000,000, or both a fine and imprisonment;

   c. a term of supervised release of not less than 3 years, which may be mandatory under the law and will follow any term of imprisonment. If Defendant violates the conditions of supervised release, the Court may revoke such release term and require that Defendant serve any or all of such term as an additional period of confinement;

   d. a mandatory special assessment of $100;

   e. forfeiture; and

   f. costs of incarceration and supervision.

4. **Immigration consequences**: Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. Defendant understands this may include the offense to which Defendant is pleading guilty, and for purposes of this plea agreement, Defendant assumes the offense is a removable offense. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including Defendant's attorney or the district court, can predict to a certainty the effect of Defendant's conviction on Defendant's immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's plea of guilty may entail, even if the consequence is Defendant's automatic removal from the United States.



5. **Court's sentencing discretion and role of the Guidelines**: Defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Defendant has reviewed the guidelines with Defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Defendant will not be allowed to withdraw Defendant's plea if Defendant's sentence is higher than expected. Defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

6. **Defendant's agreement**. Defendant shall not knowingly provide false information to the U.S. Probation Office (USPO), the Court, or the government relating to the offense(s) of conviction and all relevant conduct, or any information Defendant must provide related to this agreement.

7. **Mandatory special assessment**: Defendant agrees to pay the U.S. District Clerk the amount of $100 in satisfaction of the mandatory special assessment(s) prior to sentencing.

8. **Restitution**: Pursuant to 18 U.S.C. §3663(a)(1)(A), Defendant agrees to pay restitution for losses resulting from all of Defendant's criminal conduct, including relevant conduct and other criminal conduct related or similar to Defendant's offenses of conviction, and understands that restitution will not be limited to losses stemming from the offenses of conviction alone. Defendant agrees to be jointly and severally liable for payment of all restitution. Defendant agrees to cooperate fully in the identification of

Plea Agreement—Page 3



assets to be applied toward restitution. Defendant's cooperation obligations include: (A) fully and truthfully completing the Department of Justice's Financial Statement of Debtor form, and any addendums to said form deemed necessary by the government, within ten days of the guilty plea hearing; (B) submitting to a financial deposition or interview (should the government deem it necessary) prior to sentencing regarding the subject matter of said form; (C) providing any documentation within Defendant's possession or control requested by the government regarding Defendant's financial condition; and (D) fully and truthfully answering all questions regarding Defendant's past and present financial condition in such interview(s).

9. **Forfeiture of property**: Defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture, or seized or restrained by law enforcement officers during the investigation underlying this indictment or information. Defendant agrees that forfeiture includes a Taurus .38 caliber revolver, bearing serial number MB51710. Defendant consents to entry of any orders or declarations of forfeiture regarding all such property and waives any applicable statutes of limitation, and any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11, 32.2, and 43(a) of the Federal Rules of Criminal Procedure. Defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. Defendant agrees to hold the government, its officers, agents, and employees harmless



from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

10.  **Defendant's cooperation with financial investigation**: In order to assist in the collection of fines and restitution, Defendant shall, upon demand, submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding Defendant's capacity to satisfy any fines or restitution. Defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on Defendant in order to evaluate Defendant's ability to satisfy any financial obligation imposed by the Court. Defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Defendant's full and immediately enforceable financial obligation. Defendant understands that Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

11.  **Government's agreement**: The government will not bring any additional charges against Defendant based upon the conduct underlying and related to Defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending indictment. This agreement is limited to the United States Attorney's Office for the Northern District of

Plea Agreement—Page 5



Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Defendant or any property.

12. **Violation of agreement**: Defendant understands that if Defendant violates any provision of this agreement, or if Defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Defendant for all offenses of which it has knowledge, including the reinstatement of charges dismissed pursuant to this plea agreement. In the event of such a violation, vacatur, or withdrawal, Defendant waives all objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Defendant also waives all objections to the use against Defendant of any information or statements Defendant has provided to the government, and any resulting leads.

13. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

14. **Waiver of right to appeal or otherwise challenge sentence**: Defendant waives Defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the Court. Defendant further waives Defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.

Plea Agreement—Page 6



Defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of Defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

15. **Representation of counsel**: Defendant has thoroughly reviewed all legal and factual aspects of this case with Defendant's attorney and is fully satisfied with that attorney's legal representation. Defendant has received from Defendant's attorney explanations satisfactory to Defendant concerning each paragraph of this plea agreement, each of Defendant's rights affected by this agreement, and the alternatives available to Defendant other than entering into this agreement. Because Defendant concedes that Defendant is guilty, and after conferring with Defendant's attorney, Defendant has concluded that it is in Defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

**[Remainder of page intentionally left blank]**



16. **Entirety of agreement**: This document, including any Supplement filed contemporaneously, is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this 27th day of November, 2023.

LEIGHA SIMONTON
UNITED STATES ATTORNEY



MATTHEW WEYBRECHT
Assistant United States Attorney
State Bar of Texas No. 24102642
Telephone: 817-252-5200
Fax: 817-252-5455
matthew.weybrecht@usdoj.gov

JAY WEIMER
Section Chief



I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

*Bernard Brooks*       11/27/23
BERNARD BROOKS      Date

I am Defendant's attorney. I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

*[signature]*      11-27-23
VINCENT WISELY      Date
Attorney for Defendant

Plea Agreement—Page 9